UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT DANIEL KELLY,

        Petitioner,

                                              Case No. 09-13777
v.                                    Honorable David M. Lawson

JEFFREY WOODS,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

The petitioner, Albert Daniel Kelly, presently confined at Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, the petitioner challenges his 1996 Recorder's Court for the City of Detroit convictions for first-degree premeditated murder, Mich. Comp. L. § 750.316, and armed robbery, Mich. Comp. L. § 750.529, for which he was sentenced to concurrent terms of life imprisonment without the possibility of parole and 20 to 40 years imprisonment. The petitioner contests the state court's personal and subject matter jurisdiction.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (noting that a district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears

from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, the petition appears from its face to be barred by the one-year statute of limitations applicable to federal habeas actions. The petitioner was convicted in 1996, completed his direct appeals in 1998, and did not file the present petition until September 2009. *See* 28 U.S.C. § 2244(d). The petitioner has presented no arguments for statutory or equitable tolling of the one-year period. Therefore, the petition has failed to state a claim upon which federal habeas relief may be granted and this Court, therefore, will summarily dismiss the petition.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt #1] is **DISMISSED**.

          s/David M. Lawson
          DAVID M. LAWSON
          United States District Judge

Dated: October 7, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 7, 2009.

          s/Lisa M. Ware
          LISA M. WARE