UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT DANIEL KELLY,

        Petitioner,

                                Civil No. 09-13777
v.                               Honorable David M. Lawson

JEFFREY WOODS,

        Respondent.
_____/

## ORDER DENYING MOTION FOR REHEARING OR RECONSIDERATION

The petitioner filed a petition for habeas corpus on September 24, 2009, claiming to do so under 28 U.S.C. § 2242. In this petition, he challenged his custody and detention on the grounds that the state court lacked jurisdiction and failed to find probable cause for his conviction. The Court construed this filing as a petition for habeas corpus under 28 U.S.C. § 2254, which permits state prisoners to challenge their state court convictions and the processes under which they were convicted. The Court then dismissed the petition as barred by the statute of limitations applicable to habeas corpus petitions. Now before the Court is the petitioner's motion for rehearing or reconsideration. The petitioner asserts that the Court incorrectly construed his petition as coming under § 2254, when he expressly filed under § 2242.

A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Having reviewed the motion, the Court concludes that the petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Instead, the Court concludes that it was correct in construing the petitioner's pleading as falling under 28 U.S.C. § 2254, because the petitioner is currently in the custody of the state and his claims challenge the state court's conviction and ability to convict him. It was proper for the Court to consider § 2242 in conjunction with the other statutory provisions governing habeas corpus petitions in Title 28 and to apply the procedural requirements of § 2254. In its order dismissing the petition, the Court determined that the petition was barred by the one-year statute of limitations applicable to habeas corpus actions. The petitioner's motion for reconsideration provides no new grounds for the Court's review.

Accordingly, it is **ORDERED** that the petitioner's motion for rehearing or reconsideration [dkt #3] is denied.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 22, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 22, 2009.

s/Lisa M. Ware
LISA M. WARE